IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SAMANTHA ELIZABETH BRAGG,

        Plaintiff,

v.                                                                   No. 1:20-cv-00021-WJ-KK

KELLY D. HAMMETT and
DONALD A. SHIFFLER,

        Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on Plaintiff's Complaint, Doc. 1, filed January 8, 2020, and on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed January 8, 2020 ("Application").

**Application to Proceed In Forma Pauperis**

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes* v. *Hardy*, 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant

to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *See Adkins* v. E.I. *DuPont* de Nemours & Co., 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

Plaintiff signed an affidavit declaring that she is unable to pay the costs of these proceedings and stated: (i) her monthly income is $450.00; (ii) her monthly expenses total $450.00; (iii) she is not employed; and (iv) she has no cash and no money in bank accounts. The Court grants Plaintiff's Application to proceed *in forma pauperis* because Plaintiff is unemployed, her monthly expenses equal her low monthly income, and she has no cash and no money in bank accounts.

**Dismissal of the Case**

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim ... only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").

Plaintiff alleges that "Executive Order 13865 published March 29, 2019" states "the Federal Government must provide warning of an impending EMP [ElectroMagnetic Pulse], protect against and respond to and recover from the effects of an EMP." Complaint at 1-2. Plaintiff, who resides in Phoenix, Arizona, also alleges that Plaintiff has suffered "electronic harassment and

directed energy" harassment, that there is "evidence for violation of Executive Order 13865" in the form of medical problems including burns, that EMPs destroy the environment, and that "after reviewing both medical documentation and environmental changes, [Plaintiff's] second-degree burns are from a directed energy weapon." Complaint at 4-11. Plaintiff "is requesting a court order to schedule a time with the United States Air Force to test (eliminate) the last set of electromagnetic pulses, frequencies, in violation of executive Order 13865." Complaint at 13.

Plaintiff's Complaint fails to state a claim. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). The only allegation mentioning Defendants states:

> Dr. Kelly D. Hammett, Directed Energy Directorate, and Dr. Donald A. Shiffler, Chief Scientist, hold positions at the air force research laboratory, Kirtland air force base, Albuquerque, New Mexico. The Air Force Research Laboratory [at Kirtland Air Force Base] has both research and testing facilities for electromagnetic systems (including electromagnetic pulse) and directed microwave energy (mm wave) [sic]. Testing facilities for directed energy and mm wave are scheduled and located at the air force research laboratories, total of four locations in the United States, and can only be scheduled through the US military by military personnel.

Complaint at 2-3. There are no allegations explaining what Defendants Hammett and Shiffler did to Plaintiff.

Plaintiff filed essentially the same complaint in a previous action. *See Bragg v. Shiffler*, No. 1:19-cv-00360-RB-JHR (D.N.M. April 9, 2019). The Court dismissed the previous action without prejudice for failure to state a claim after quoting the explanation of how to state a claim in *Nasious v. Two Unknown B.I.C.E. Agents* and explaining to Plaintiff that she failed to state with particularity what each defendant did to her.

3

The Court dismisses this case because Plaintiff failed to state a claim against Defendants. The Court declines to give Plaintiff an opportunity to amend the Complaint, because it appears it would be futile, and dismisses this case with prejudice, because Plaintiff, despite the Court's explanation of how to state a claim in the previous case, did not state with particularity what each Defendant did to her.

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed January 8, 2020, is **GRANTED.**

(ii) This case is **DISMISSED with prejudice.**

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**